Michael HILL, Plaintiff–Appellant,

v.

CHALANOR, Coxsackie Correctional Facility, P. Franklin, Nurse Administrator, Coxsackie Correctional Facility, A. Cole, Superintendent of Health Services, Coxsackie Correctional Facility, Nurse Albright, Coxsackie Correctional Facility, Glenn S. Goord, Commissioner, Dominic Mantello, Superintendent, M. Oliver, Correctional Guard, Coxsackie Correctional Facility, Defendants–Appellees.

No. 04–4692.

United States Court of Appeals, Second Circuit.

April 15, 2005.

Michael Hill, Pine City, New York, for Appellant, pro se.

Julie M. Sheridan, Assistant Solicitor General for the State of New York (Eliot Spitzer, Attorney General, Peter H. Schiff, Senior Counsel), Albany, New York, for Appellees, of counsel.

PRESENT: FEINBERG, SACK, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

The plaintiff-appellant, Michael Hill, *pro se* and incarcerated, appeals from a judgment of the United States District Court for the Northern District of New York granting the defendants' cross-motion for summary judgment, denying Hill's motion for summary judgment, and dismissing the complaint without prejudice, in this action brought pursuant to 42 U.S.C. § 1983. In his fourth amended complaint, Hill alleged violations of his First, Eighth, and Fourteenth Amendment rights based on two distinct causes of action: 1) a medical indifference claim, involving defendants Albright, Chalanor, Cole, Franklin, Goord, and Mantello; and 2) a retaliation claim pertaining to defendant Oliver. The district court found that Hill had: 1) failed to exhaust available administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), as to his claim of medical indifference, because he did not appeal the decision rendered by the Superintendent of the Coxsackie Correctional Facility regarding that grievance to the Central Office Review Committee ("CORC"); and 2) exhausted available administrative remedies as to his claim of retaliation—because he appealed the Superintendent's decision as to that grievance to the CORC—but failed to state such a claim because he did not allege any actual punishment going beyond threats and his allegations were conclusory.

We review a district court's grant of summary judgment *de novo*, "draw[ing] all reasonable inferences against the party whose motion is under consideration" where cross-motions for summary judgment are filed, *Boy Scouts of Am. v. Wyman*, 335 F.3d 80, 88 (2d Cir.2003) (internal quotation marks and citation omitted). Summary judgment is proper "if ... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). "We similarly review a district court's ruling on whether a plaintiff whose claim is governed by the PLRA has exhausted administrative remedies *de novo*." *Ortiz v. McBride*, 380 F.3d 649, 653 (2d Cir.2004).

■ We do not agree with the district court's determination that Hill clearly failed to exhaust administrative remedies as to his medical claim. In *Hemphill v. State of New York*, 380 F.3d 680, 686 (2d Cir.2004)—which was decided over two months after the district court's opinion was filed—we outlined a three-part test which is "appropriate ... when a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA," *id.* Under this test, "the court must [first] ask whether administrative remedies were in fact 'available' to the prisoner," *id.* (citing *Abney v. McGinnis*, 380 F.3d 663, 668–69 (2d Cir.2004)). A careful review of the record indicates that a narrow genuine issue of material fact appears to exist regarding whether appealing to the CORC as to the medical claim was a remedy actually available to Hill. Hill claimed, in responding to the defendants' motion for summary judgment and again on appeal, that he did attempt to appeal the Coxsackie Superintendent's decision as to his medical grievance to the CORC; he contended, however, that he was unable to do so because he had by that time been trans-

ferred to a different correctional facility, Southport, where the grievance committee frustrated his attempt to appeal. *See* ROA Doc. 97 (Hill's Reply to Cross-Motion for Summary Judgment, Affidavit in Support of Motion to Reply, at ¶ 5); Appellant Brief at 1, 6 (claiming that the grievance supervisor of Southport did not forward Hill's appeal to the CORC—but not, contrary to the defendants-appellees' mischaracterization of Hill's claim, that the supervisor died before being able to file the appeal).

However, we do not think that any of Hill's other attempts to justify his failure to exhaust would suffice to defeat the defendants' motion for summary judgment on that basis. His claim that he appealed the Coxsackie Superintendent's decision as to his medical claim to the CORC after he was transferred from Southport to the Auburn Correctional Facility is unsupported by the relevant exhibits, which indicate that the subject of the appeal was a different grievance pertaining to his treatment at the Auburn facility. Furthermore, inasmuch as the Superintendent's decision did not point to any action that should be taken to remedy the issue raised by Hill, but rather appeared to consider the issue to be resolved, our holding in *Abney v. McGinnis*, 380 F.3d 663, 668–69 (2d Cir. 2004)—that a prisoner who received a favorable ruling from the Superintendent but was subsequently denied the promised relief after the time to appeal had elapsed had fully exhausted his available remedies—does not apply here. Finally, this is not a situation where "reliance on a reasonable interpretation of prison grievance regulations justif[ied] an inmate's failure to follow procedural rules to the letter." *Hemphill*, 380 F.3d at 690 (citing *Giano v. Goord*, 380 F.3d 670 (2d Cir.2004)).

The district court correctly granted summary judgment to the defendants as to Hill's retaliation claim. "[T]o sustain a ... retaliation claim, a prisoner must demonstrate the following: '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.'" *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir.2004) (quoting *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir.2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir.2003) (internal quotation marks and citation omitted). Furthermore, in order to prevent abuse of retaliation claims, particularly in the prison context, this Court requires "non-conclusory allegations" for such claims to survive motions for dismissal or summary judgment. *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir.2003); *see also Flaherty v. Coughlin*, 713 F.2d 10 (2d Cir.1983) (noting that "a retaliation claim supported by specific and detailed factual allegations" will usually not be dismissed).

█ Hill failed to state a claim for retaliation. The alleged threats made by defendant Oliver, without any allegation that the latter carried through on those threats, did not constitute adverse action. *Cf. Gill*, 389 F.3d at 384. Furthermore, Hill did not provide any specific factual allegations to support his conclusory claim that he suffered further harassment after filing a grievance concerning Oliver's threats. Moreover, Hill's claim on appeal of a causal connection between Oliver's threats and the alleged actions of the other defendants in connection with Hill's medical care is wholly unsupported.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED, as to the retaliation claim, and VACATED AND REMANDED to the district court, as to the medical indifference claim, for further proceedings not inconsistent with this order. On remand, the district court should determine—pursuant to the first step in the three-step process outlined in *Hemphill*, 380 F.3d at 686—to what extent the remedy of appealing the Superintendent's decision as to Hill's medical claim to the CORC after Hill was transferred to the Southport Correctional Facility was in fact available to Hill.